**Arthur DWYER et al., Plaintiffs,**

v.

**CLIMATROL INDUSTRIES, INC., a Foreign Corporation et al., Defendants.**

**No. 73–C–201.**

United States District Court, E. D. Wisconsin.

Oct. 6, 1975.

---

Eugene A. Kershek, Milwaukee, Wis., and Leonard W. Schulz, Big Bend, Wis., for plaintiffs.

Foley & Lardner by Herbert P. Wiedemann, Stanley S. Jaspan, Milwaukee, Wis., for Climatrol.

Zubrensky, Padden, Graf & Bratt by George F. Graf and Herbert S. Bratt, Milwaukee, Wis., for Union.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for summary judgment. The plaintiffs have moved to add Fedders Corporation as a party defendant and also to have a preliminary determination of law regarding the "doctrine of virtual representation." In view of my finding that the motions for summary judgment submitted by the defendants must be granted, there is no occasion for my resolving the plaintiffs' applications.

The nature of this action was considered by the court in a memorandum dated February 4, 1975, at which time the court considered the motion for dismissal filed by the defendant union as well as other motions. No useful purpose would be served by my repeating here the analysis of the complaint contained in the February 4, 1975, decision.

In connection with the motions for summary judgment, the parties have submitted a substantial amount of material, much of it uncontested. The court now has before it not only the contracts in question but also many meaningful affidavits. A consideration of all these materials persuades me that no substantial issues of fact remain in dispute. Only issues of law remain, and they are capable of resolution upon the records and files presently before the court.

■ A "Plant Closedown Agreement" was signed between Fedders and the union on December 15, 1971. It is my conclusion that such closedown agreement does not constitute a violation of either the collective bargaining agreement or the pension plan agreement. The latter contract, which was signed on March 1, 1970, contains the following provision (section 12.01):

"The Plan may be modified, altered or amended upon mutual agreement of the Company and the Union."

Pursuant to that authorization, an amendment of section 9.01 was consummated on December 15, 1971; it provided that the company would contribute $160,000 to the pension fund, and upon such payment, it would have "no further funding obligation under the Plan." Thus, when the $160,000 was paid into the trust fund, the financial responsibility of the employer was contractually satisfied.

The plaintiffs urge that the closedown agreement was ineffective because the unions were without legal capacity to negotiate away the plaintiffs' rights. This contention is effectively negated by the express terms of section 12.01 of the pension plan agreement quoted above.

Accordingly, it is my opinion that the closedown agreement is binding upon the plaintiffs as a matter of contract law, and it is unnecessary to determine whether the plaintiffs, as individuals, ratified the amendment. In *Waters v. Wisconsin Steel Works of International Harvester Co.*, 427 F.2d 476, 489 (7th Cir.), cert. denied, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970), the court said:

> "Since parties to a labor contract are always free to amend their agreements, we do not see how an amendment through the ordinary processses of collective bargaining can be considered a breach of contract." 427 F.2d at 489.

█ The plaintiffs urge, however, that they had vested interests in the pension program and that they qualified as third party beneficiaries whose interests could not be altered by the original contracting parties. In my opinion, the case of *Thornberry v. MGS Co., Inc.*, 46 Wis.2d 592, 176 N.W.2d 355 (1970), contradicts this contention. The plaintiffs' rights under the contract were subject to the terms of that contract, and one of the provisions explicit therein was the right to modify. Neither *Tweeddale v. Tweeddale*, 116 Wis. 517, 93 N.W. 440 (1903), nor *Estate of Cochrane*, 13 Wis. 2d 398, 108 N.W.2d 529 (1961), is controlling in the case at bar because of the express reservation of the right of the contracting parties to amend it. The contracting parties having reserved such right, they could legally modify the contract without the express consent of those who might otherwise benefit therefrom.

It should be noted that the collective bargaining agreement in this case provided for a plant closing, and that the pension agreement authorized modification, discontinuance or termination. In light of these provisions, the plaintiffs may not be heard to contend that they had a vested benefit which was unalterable.

█ With reference to the plaintiffs' contention that the defendant unions were guilty of a violation of their duty of fair representation, the affidavits on file demonstrate with clarity that there was no arbitrary or bad faith conduct on the part of the defendant unions. The affidavits further show that the defendant unions engaged in fair and intensive bargaining in order to meet the problems presented by management's conclusion that it should close its plant in Milwaukee. That the standard of conduct required of a union in *Amalgamated Association of St., E.R. & M.C. Emp. v. Lockridge*, 403 U.S. 274, 91 S. Ct. 1909, 29 L.Ed.2d 473 (1971), has been met is amply established by the affidavits on file in this case.

## CONCLUSION

The plaintiffs did not hold inalienable property rights under the contracts in question, and the defendants are not estopped from denying the plaintiffs' claimed pension benefits. Finally, I am convinced that the record made in this case now clearly establishes that the defendant unions were not guilty of unfair representation. All of the foregoing is amply demonstrated by contracts and affidavits which leave no material facts for trial. Therefore, the court will grant the defendants' motions for summary judgment. It follows that it is unnecessary to add Fedders Corporation as a party defendant since the action against it would be no stronger than that against Climatrol. It also becomes unnecessary for the court to determine whether the so-called "doctrine of virtual representation" may be employed in this case.

Therefore, it is ordered that the defendants' motions for summary judgment be and hereby are granted.

It is also ordered that the plaintiffs' action be and hereby is dismissed.